UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

SABA INTERNATIONAL CORPORATION,
a Florida profit corporation,

    Plaintiff,

v.

KRAFT HEINZ INGREDIENTS CORP.,
a foreign profit corporation,

    Defendant.

_____/

## DEFENDANT KRAFT HEINZ INGREDIENTS CORP.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kraft Heinz Ingredients Corp. ("Kraft" or "Defendant") hereby gives notice of removal of this action, *Saba International Corporation v. Kraft Heinz Ingredients Corp.*, Case No. 2021-019227-CA-01 (the "State Court Action"), from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice, Kraft states:

### I.    BACKGROUND

1.    Plaintiff, Saba International Corporation ("Saba" or "Plaintiff") commenced this action by filing a Complaint for Damages and Injunctive Relief in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on August 16, 2021, under Case No. 2021-

019227-CA-01. (Complaint for Damages and Injunctive Relief ("Compl."), attached as **Exhibit 1**)[1].

2.  The Complaint alleges Kraft misappropriated Saba's "confidential" and "proprietary" customer lists in violation of the parties' International Exclusive Distributor Agreement ("Distributor Agreement") wherein Saba agreed to act as an independent distributor to purchase Kraft products for resale in various countries throughout Latin American and the Caribbean. (Ex. 1, Compl. ¶¶15, 20; *see also* Exhibit A attached to Compl. Ex. 1).

3.  Saba alleges Kraft was required to keep its customer list confidential for a period of five years beyond termination of the Distributor Agreement, but that Kraft started soliciting Saba's customers and interfering with its business relationships prior to, and within five years of, terminating the Distributor Agreement, to Saba's detriment. (Ex. 1, Compl. ¶¶ 16, 18-21).

4.  Plaintiff contends Kraft's conduct violated Florida's Deceptive and Unfair Trade Practice Act ("FDUPTA") and Uniform Trade Secrets Act ("FUTSA"), amounted to Tortious Interference with Advantageous Business Relationships, and resulted in an unjust enrichment. (Ex. 1, Compl., Counts I-III, VI).[2]

5.  Plaintiff seeks relief in the form of monetary damages, a determination that "Saba's client list is deemed confidential and/or proprietary and subject to the terms of the Distributor Agreement," and an injunction. *See generally* (Ex. 1, Compl.).

---

[1] Exhibit 1 includes Plaintiff's Complaint for Damages and Injunctive Relief as well as the "Summons 20 Day Corporate Service," and Proof of Service, which are the entirety of the "process, pleadings, and orders" served on Kraft, submitted in accordance with 28 U.S.C. § 1446.

[2] Kraft accepts for purposes of removal only that Saba has alleged causes of action under Florida law. However, Kraft disputes that Florida law is applicable to this dispute and specifically reserves the right to assert that the laws of other jurisdictions are applicable.

## II.     REMOVAL TO THIS COURT IS PROPER

6.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1391, 1441(b), and 1446(a) because the United States District Court for the Southern District of Florida, Miami Division, is the district and division embracing the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is the state court in which the Complaint was filed.

## III.     DIVERSITY JURISDICTION

7.     Kraft's basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.     DIVERSITY OF CITIZENSHIP**

8.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9.     Saba is a corporation organized under the laws of the State of Florida, with its principal place of business located in Miami-Dade County, Florida. (Ex. 1, Compl. ¶2). Saba is therefore a citizen of Florida for purposes of diversity jurisdiction.

10.     Kraft is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Glenview, Illinois. Kraft is therefore a citizen of Delaware and Illinois for purposes of diversity jurisdiction. (Decl. of Anna B. Oliveira ¶¶4-7, attached as Exhibit 2).[3]

---

[3] Saba alleges Kraft's principal place of business is located in Pittsburgh, Pennsylvania. (Ex. 1, Compl. ¶3). Notwithstanding the fact that this is incorrect, it is ultimately irrelevant because complete diversity exists even if this Court were to accept Saba's allegation.

11. Because Saba and Kraft, the sole defendant, are citizens of different states, complete diversity of citizenship exists between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a).

B.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

12. Saba asserts three claims for monetary damages—FDUTPA, FUTSA, and tortious interference with advantageous business relationships. Those claims are premised on Kraft's alleged misappropriation of Saba's customer list and subsequent improper solicitation of those customers located in various countries throughout Latin America and the Caribbean. *See generally* (Ex. 1, Compl. ¶¶19-20). While Plaintiff does not identify a specific dollar amount it seeks in relief, it has affirmatively stated that value of the dispute is in excess of $30,000.00, thereby exemplifying the ability to calculate damages. Moreover, the value of the Distributor Agreement, and the damages potentially stemming from Kraft's alleged misappropriation of Saba's customer list and customers in various foreign countries, demonstrates the monetary value of the parties' dispute does not only exceed the state court's jurisdictional limits, but far exceeds the amount in controversy requirement for diversity jurisdiction.

13. The Distributor Agreement appointed "[Saba] as an exclusive independent distributor, for sales of Kraft [Products]…in Guatemala, El Salvador, Honduras, Nicaragua, Costa Rica, and Panama." (Distributor Agreement ¶1.A, attached as Exhibit A to Compl., Ex. 1). The Distributor Agreement allowed Saba to purchase Kraft products at a discounted price, and it further provided that Kraft would not sell any products to another distributor for distribution in the defined territory. (Distributor Agreement, ¶¶6.A. Ex. A to Compl., Ex. 1; Compl. ¶¶9, 15, Ex. 1). In effect, Saba, as the sole and exclusive distributor of certain Kraft products, resold the Kraft products it purchased at a discount to its purported customers and then Kraft shipped those products directly to Saba's purported customers. Saba claims Kraft terminated its relationship with Saba and has

improperly solicited those customers in order to sell to them through another distributor. (Ex. 1, Compl. ¶¶19-21). Saba contends Kraft agreed to maintain the identities of those customers confidential for a period of five years following termination of the Distributor Agreement. (Compl. ¶¶16, Ex. 1).

14. Saba seeks "actual damages, consequential damages, pre-judgment interest, reasonable attorneys' fees and costs" for Kraft's alleged violations of FDUTPA and FUTSA and for <u>interfering with its business relationships</u>. (Ex. 1, Compl., Counts I-III). Saba also seeks a judgment in the amount Kraft was unjustly enriched. (Ex. 1, Compl., Count IV). Florida law provides that damages for misappropriation include "both the actual loss caused by misappropriation and unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." *Premier Lab Supply, Inc. v. Chemplex Indus., Inc.*, 94 So. 3d 640, 644 (Fla. 4th DCA 2012), *citing* Fla. Stat. Ann. § 688.004 (West). Further, Florida courts have determined that lost profits in the form of sales to common customers are an appropriate measure of damages for misappropriation claims. *Id.* The nature of the contractual relationship between the parties, the length of time during which Saba claims Kraft misappropriated its customer lists, the disruption of Saba's business relationships with customers in several countries, and the purchasing amounts at issue in the litigation dictate that the amount is controversy exceeds $75,000.00. (Decl. of Colleen Francis ¶¶4-10, attached as Exhibit 3).

15. Accordingly, this action is within this Court's jurisdiction under 28 U.S.C. § 1332(a), and may be removed pursuant to 28 U.S.C. § 1441 (a) and (b).

## IV.  OTHER REMOVAL REQUIREMENTS

16. Plaintiff served Kraft with a copy of the Complaint on August 23, 2021. *See* (Exhibit 1). This Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within thirty

days after receipt by Kraft, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. §1446(b).

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action—as available from the state court docket or otherwise made available to Kraft at the time of filing this Notice—are attached hereto as Exhibit 1.

18. Kraft's counsel has not filed a notice of appearance in the state court action and Kraft has not sought any relief in the state court action.

19. Defendant is providing Saba with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

21. By filing this Notice of Removal, Defendant Kraft does not waive any defenses that may be available to it and reserves all such defenses, including, but not limited to, those related to lack of personal jurisdiction, venue, or the type of the relief sought. If any question arises regarding the propriety of the removal to this Court, Kraft requests the opportunity to submit additional evidence and/or present brief oral argument in support of its position that this case has been properly removed.

## V.     CONCLUSION

WHEREFORE, Defendant, Kraft Heinz Ingredients Corp., gives notice that the matter bearing Case No. 2021-019227-CA-01 pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is removed to the United States District Court for the Southern District of Florida, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: September 13, 2021                Respectfully submitted,

**Oliver Alan Ruiz**
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

and

P. Stephen Fardy, Esq. (*Pro Hac Vice to be filed*)
sfardy@smbtrials.com
Arthur J. Reliford, Jr., Esq. (*Pro Hac Vice to be filed*)
areliford@smbtrials.com
**SWANSON, MARTIN & BELL LLP**
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone (312) 321-9100

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 13, 2021, I filed the foregoing Notice of Removal via the CM/ECF System and served a true and correct copy via email on the following:

John E. Wilking
john@tremblylaw.com
service@tremblylaw.com
**Trembly Law Firm**
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone (305) 431-5678
*Attorneys for Plaintiff*

                                        **Oliver Alan Ruiz**